**Law Offices of Avrum J. Rosen, PLLC**
*Attorneys for David J. Doyaga, Sr., Chapter 7 Trustee*
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Deborah L. Dobbin, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Chapter 7

    LAUREN PICKETT,                       Case No.: 22-40883-nhl

                          Debtor.
------------------------------------------------------------x
David J. Doyaga, Sr., as Chapter 7 Trustee            Adv. Proc. No.: 23-       -nhl
for the Estate of Lauren Pickett,

                          Plaintiff,

       -against-

David H. Perlman and Linda Redlisky, Esq.,
Solely in her Capacity as Referee,

                          Defendant.
------------------------------------------------------------x

## COMPLAINT

David J. Doyaga, Sr., as Chapter 7 Trustee for the Estate of Lauren Pickett, ("Plaintiff" and/or "Trustee"), by and through his attorneys, the Law Offices of Avrum J. Rosen, PLLC, as and for his complaint in this adversary proceeding against Defendant David H. Perlman ("Perlman") and Linda Redlisky, Esq, solely in her capacity as Referee ("Referee"), respectfully represents and states as follows:

### NATURE OF THE PROCEEDING

1.    The Plaintiff brings this action pursuant to 11 U.S.C. §§ 105, 541, and 543 for judgment declaring that the total funds on deposit with the State Court appointed Referee in a

1

foreclosure action in the sum of $160,000.00 (the "Funds") are property of the bankruptcy estate, for judgment declaring that Defendant Perlman has no right, title, claim or interest in and to the Funds, and directing turnover of the Funds to the Trustee for the benefit of the creditors of the Debtor and other parties in interest.

2. In addition, Plaintiff brings this action under New York Judiciary Law § 487 for treble damages in an amount to be determined by the Court which amount shall not be less than $480,000.00 at a minimum and $1,110,000.00 at a maximum, together with attorneys' fees and costs. Lastly, Plaintiff seeks damages against the Defendant Perlman in the sum of $370,000.00 for breach of his fiduciary duty to the Debtor.

## JURISDICTION AND VENUE

3. Since this action arises under the pending Chapter 7 bankruptcy case of the Debtor, the United States Bankruptcy Court, Eastern District of New York (the "Court") has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The statutory predicates for the claims asserted herein are Sections 105, 541, and 543 of Title 11 of the United States Code (the "Bankruptcy Code"), New York Judiciary Law § 487 and Bankruptcy Rules 6009 and 7001.

5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(B), (b)(2)(E), and (b)(2)(O).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7. In the event that this Court determines that the causes of action, as alleged herein, are not core proceedings, the Plaintiff consent to the entry of Final Orders and judgments by this Court determining such causes of action.

## THE PARTIES

8. David J. Doyaga, Sr., is the Chapter 7 Trustee for the Estate of Lauren Pickett (the "Debtor") and the Plaintiff herein.

9. Defendant David H. Perlman is/was an attorney licensed to practice law in the State of New York with an address located at 188 Montague Street, Suite 850, Brooklyn, New York 11201 or 186 Montague Street, 4th Floor, Brooklyn, New York 11201.

10. Defendant Linda Redlisky, Esq., is an attorney licensed to practice law in the State of New York with a business address at 629 Fifth Avenue, 302, Pelham, New York 10803 and is being sued solely in her capacity as State Court-appointed referee.

## FACTS APPLICABLE TO ALL CLAIMS FOR RELIEF

### The Bankruptcy Filings

11. On January 3, 2017, Lauren Pickett, the Debtor in this Chapter 7 Case (the "Debtor"), filed a petition for relief under Chapter 13 of the Bankruptcy Code under case number 17-40015-nhl, which case was dismissed for failure to file the necessary schedules.

12. On May 10, 2017, the Debtor, again through the Defendant as her counsel, filed a petition for relief under Chapter 13 of the Bankruptcy Code under case number 17-42347.

13. On July 24, 2017 the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to file schedules under 11 U.S.C. sec 521(i).

14. After the Debtor failed to cure her failure to file schedules, the Court entered an Order directing that Defendant shall pay the Debtor $1,000.00 as compensation for any fees paid in the course of the case.

15. On April 27, 2022 (the "Petition Date"), the Debtor filed a third voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

16. One of the Debtor's creditors, 39 Pierrepont Condominium (the "Condo"), filed a motion to dismiss the Debtor's Chapter 13 bankruptcy on June 30, 2022 [Dkt. Nos. 26 and 28].

17. On July 20, 2022, the Chapter 13 Trustee, Krista Preuss, filed a motion to dismiss the Debtor's Chapter 13 bankruptcy [Dkt. No. 31].

18. Following a hearing on the motions to dismiss, on August 15, 2022, the Debtor filed a notice of voluntary conversion from a Chapter 13 case to one under Chapter 7 of the Bankruptcy Code [Dkt. No. 33].

19. Thereafter the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code.

20. David J. Doyaga, Sr. was appointed interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's estate.

21. The Court set January 18, 2023 as the last day to file proofs of claim.

22. By letter dated June 27, 2022, Stewart Wertzel, counsel for the Condo, prepared and filed a letter (the "Condo Letter") in connection with a foreclosure action pending in the Supreme Court of the State of New York, Kings County, under Index Number #12401/2013 (the "State Court Action"), advising the State Court, that the Debtor filed for bankruptcy relief.

23. The Defendant was sent a copy of the Condo letter and received a notification of the filing of the Condo Letter with the State Court via the Court's electronic case filing system.

24. Defendant failed to timely file any proof of claim.

**The Real Property**

25. The Debtor is the owner of real property commonly known as 39 Pierrepont Street, Unit 1, Brooklyn, New York, identified as Block 235, Lot 1001, in the County of Kings ("Real Property"), a duplex residential condominium that is defined by 2,525 square feet of living space

comprised of three (3) bedrooms and three (3) baths.

26. Based upon the Debtor's testimony at the Section 341 meeting and publicly filed documents on ACRIS, it appears that the Debtor owns 100% of the Real Property.

27. The condominium 39 Pierrepont Street consists of two units, of which the Debtor owns one unit with a 40% interest in the common elements and Scott McDonald owns Unit 2.

28. The Real Property is encumbered by a first mortgage held by Wells Fargo Bank, N.A. as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WHQ4 ("Wells Fargo"). PHH Mortgage Corporation filed Amended Proof of Claim No. 2 on behalf of Wells Fargo in the sum of $823,023.49.

29. Upon information and belief, the Debtor failed to pay her monthly mortgage payment commencing in 2009 and monthly thereafter.

30. In addition, there are several liens of record against the Real Property, to wit: (1) Proof of Claim No. 3 filed by the Condo as a secured claim in the sum of $371,658.19; (2) Proof of Claim No. 4 filed by New York State Department of Taxation and Finance as a secured claim in the sum of $148,046.18; and (3) according to records on ACRIS, the Internal Revenue Service filed a Notice of Federal Tax lien in the sum of $99,482.14.

31. The Debtor has claimed a homestead exemption against the Real Property.

32. After a judgment of foreclosure and sale was entered on September 19, 2016 in favor of the Condo which cross-moved for judgment of foreclosure and sale within the State Court Action, the Debtor retained the Defendant to represent her in first two bankruptcy filings in an effort to stay the foreclosure sale in the State Court Action.

**The Foreclosure Sale**

33. On December 7, 2017, Linda A. Redlisky, as referee conducted a foreclosure sale

and the Debtor attended together with the Defendant as her attorney.

34. Upon information and belief, the Defendant bid to increase the purchase price and thereby increase any surplus monies.

35. Any attempt to bid by the Defendant while acting in his capacity as attorney for the Debtor, was in bad faith, a manipulation of the bidding process, and a blatant conflict of interest.

36. The highest bidder at the auction bid $2,000,000.00, but the bid was rejected since the bidder did not intend to reside at the premises as required by the Terms of Sale.

37. The Defendant was the second highest bidder at $1,970,000.00 but declined to proceed with the purchase.

38. At that point, most of the prospective bidders left the auction.

39. The Referee reopened the bidding and Defendant was the successful bidder with a bid at $1,600,000.00.

40. The Defendant tendered money orders to the Referee in the sum of $160,000.00 and signed the Terms of Sale which made closing time of the essence as of January 7, 2018.

41. Pursuant to the by-laws of the condominium, the right to approve a purchaser belongs to the non-selling unit owner who waived his right to review the Defendant's application.

42. Upon information and belief, the Condo set January 8, 2018 as the time of the essence closing date but extended the date to January 17, 2018 at the request of the Defendant.

43. Upon information and belief, the Debtor then retained new counsel who moved to set aside the foreclosure sale on grounds that the Defendant had a conflict of interest and that he failed to adequately represent the Debtor (the "Motion to Vacate Sale").

44. The Motion to Vacate Sale was denied by Order entered on February 13, 2018, which order was subsequently appealed.

45. Upon information and belief, on or about May 14, 2018, the Condo sent written notice to the Defendant that due to the inability to close title with in the time provided by the Terms of Sale, the Condo exercised its rights under paragraph 9 of the Terms of Sale to cancel the contract.

46. The Defendant breached the Terms of Sale by acting in bad faith and has forfeited any interest in the $160,000.00 that remains on deposit with the Referee.

47. By Decision and Order dated October 14, 2020, the Appellate Division, Second Judicial Department set aside the foreclosure sale and stated: "A court may, in the exercise of its equitable powers, set aside a foreclosure sale where there is evidence of fraud, collusion, mistake,or misconduct (*see T11 funding v Traynelis,* 166 AD3d 927, 928; *Northern Blvd Corona, LLC v Northern Blvd Prop., LLC,* 157 AD3d 895, 896). In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale (*see Emigrant Mtge. Co., Inc. v Hartman,* 173 AD3d 975, 976; *Chase Manhattan Bank v Nath,* 162 AD3d 978, 979)."

48. The Appellate Division, Second Judicial Department further stated in its Decision and Order dated October 14, 2020, that "[T]he undisputed facts establish that, at the time of the foreclosure sale, Perlman was representing the defendant in the foreclosure action, that the highest bid at the sale was $2 million, that Perlman declined to purchase the premises as the next highest bidder with a bid of $1.97 million and that Perlman was the successful bidder after that auction was reopened with a bid that was $370,000 less than his previous bid. Under these circumstances, there was sufficient evidence of misconduct to cast suspicion on the fairness of the sale, providing a basis to set it aside (*cf. NYCTL 1998-1 Trust v Rodriguez,* 154 AD3d 865, 867; *U.S. Bank N.A. v*

*Testa,* 140 AD3d 855, 856-857; *see generally Astoria Fed. Sav. & Loan Assoc. v Hartridge*, 58 AD3d 584, 585)."

## FIRST CLAIM FOR RELIEF
### (Turnover and Declaratory Judgment)

49. The Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "48" as if set forth fully herein.

50. The Debtor's legal and equitable interests in and to any and all amounts on deposit with the Referee in the total sum of $160,000.00 are property of the estate.

51. Defendant waived any claim to the Funds by failing to timely file a Proof of Claim in this bankruptcy proceeding notwithstanding having received notice of the bankruptcy filing.

52. Defendant forfeited any right, claim or interest in and to the $160,000.00 on deposit with the Referee by failing to timely close pursuant to the Terms and Conditions of Sale.

53. By reason of the foregoing, the Plaintiff is entitled to judgment against Defendant under Bankruptcy Code §§ 105, 541 and 543: (a) declaring that the entire balance of the Funds on deposit with the Referee are property of the bankruptcy estate; (b) declaring that Defendant has no right, title, claim or interest in and to the Funds; and (c) directing that the Referee immediately turnover the Funds to the Trustee.

## SECOND CLAIM FOR RELIEF
### (Treble Damages under NY Judiciary Law § 487)

54. The Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "53" as if set forth fully herein.

55. That during the pendency of the State Court litigation, while employed as counsel for the Debtor, the Defendant acted with intent to deceive the Court or any party to the State Court litigation.

56. That the Defendant failed to protect the integrity of the court and the foreclosure auction process by bidding at the foreclosure sale for himself, while representing the Debtor as her attorney.

57. That the Defendant willfully delayed his client's defense to the foreclosure action with a view to his own gain.

58. That by delaying the foreclosure action, the Defendant allowed interest to accrue on all liens against the Property including but not limited to the first mortgage, Condo lien, and any and all tax liens.

59. That the Defendant engaged in a chronic, egregious, and extreme pattern of legal delinquency.

60. That the Defendant's actions at the foreclosure sale in submitting a revised bid at $1,600,000.00, an amount that was $370,000.00 less than his original bid of $1,970,000.00, was with a view to his own personal gain in owning his client's condominium.

61. That the Defendant forfeited his rights to the return of any deposit made to the Referee in the sum of $160,000.00 based upon his deceit or collusion.

62. By reason of the foregoing, Plaintiff demands judgment under New York Judiciary Law § 487 for treble damages in an amount to be determined by the Court which amount shall not be less than $480,000.00 ($160,000.00 x 3) at a minimum and $1,110,000.00 ($370,000.00 x 3) at a maximum, together with attorneys' fees and costs, or such other amount as may be determined by the Court

**THIRD CLAIM FOR RELIEF**
**(Damages for Breach of Fiduciary Duty)**

63. The Plaintiff repeats and realleges the allegations set forth in paragraphs "1"

through "62" as if set forth fully herein.

63. 64. That Defendant Perlman was retained by the Debtor to represent her in the State Court foreclosure action.

65. That Defendant Perlman acted in a fiduciary capacity as attorney for the Debtor.

66. That Defendant Perlman engaged in misconduct when he bid on the Property in his individual capacity for his own personal benefit.

67. That Defendant Perlman breached his fiduciary duty to the Debtor when he failed to act in the best interests of his client in bidding on the Property for himself.

68. Defendant Perlman breached his fiduciary duty to the Debtor in failing to defend the foreclosure action on behalf of the Debtor and instead engaged in self-dealing when he submitted the highest bid at auction sale.

69. That by bidding on the Property for himself, the Defendant Perlman was economically incentivized to submit a lower bid while trying to convince the Debtor that his actions were benefitting the Debtor.

70. That Defendant Perlman caused the purchase price at auction to be $370,000.00 less than the previously highest bid.

71. That the misconduct by Defendant Perlman directly caused damages to the Debtor by having a purchase price that would significantly reduce any surplus proceeds after paying the lien of the Condominium, the mortgage, two liens of the IRS, the lien of New York State Department of Taxation and Finance and the judgment of record.

72. That the misconduct caused by the Defendant Perlman resulted in the Debtor being damaged in an amount not less than $370,000.00, the difference between the bid by Perlman at the

first auction sale in the sum of $1,970,000.00 and the amount re-bid by the Defendant Perlman in the sum of $1,600,000.00.

**WHEREFORE,** the Plaintiff demands judgment on his claims for relief against Defendant as follows:

(1) On his first claim for relief, judgment against Defendant under Bankruptcy Code §§ 105, 541and 543: (a) declaring that the entire balance of funds on deposit with the Referee in the total sum of $160,000.00 (the "<u>Funds</u>") are property of the bankruptcy estate; (b) declaring that Defendant has no right, title, claim or interest in and to the Funds; and (c) directing that the Referee immediately turnover the Funds to the Trustee; and

(2) On his second claim for relief, judgment against Defendant pursuant to New York Judiciary Law § 487 for treble damages in an amount to be determined by the Court which amount shall not be less than $480,000.00 at a minimum and $1,110,000.00 at a maximum, together with attorneys' fees and costs, or such other amount as may be determined by the Court; and

(3) On his third claim for relief, judgment against Defendant in the sum of $370,000.00 as and for damages for breach of the Defendant's fiduciary duty to the Debtor and

(4) Such other and further relief as the Court deems just and proper.

Dated: Huntington, New York
April 26, 2023

                    LAW OFFICES OF AVRUM J. ROSEN, PLLC
                    Counsel to David J. Doyaga, Plaintiff-Trustee

                    BY: /s/Avrum J. Rosen
                           Avrum J. Rosen
                           Deborah Dobbin
                           38 New Street
                           Huntington, New York 11743
                           (631) 423-8527
                           arosen@ajrlawny.com
                           ddobbin@ajrlawny.com